

# Office of the Attorney General
## State of Texas

**DAN MORALES**
*ATTORNEY GENERAL*

March 10, 1995

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-333

Re: Harris County Sheriff's authority to call up reserve deputy sheriffs to provide security personnel to separate governmental or private entities, and related questions (RQ-750)

Dear Mr. Driscoll:

You ask whether section 85.004 of the Local Government Code authorizes the Harris County Sheriff "to call a reserve deputy [sheriff] into service for the purpose of providing security personnel to a separate governmental or private entity that will pay the deputies on an employee or independent contractor basis." Elsewhere in your request, you characterize the contemplated arrangement as one where "a reserve deputy sheriff is assigned by the Sheriff to be employed . . . as security personnel with a separate governmental or private entity."

Section 85.004 generally empowers a commissioners court to authorize the sheriff to appoint reserve deputies and to call them "into service if the sheriff considers it necessary to have additional officers to preserve the peace and enforce the law." Section 85.004 in no way alludes to the sheriff's provision of deputies, reserve or otherwise, to other public or private entities which will themselves pay the deputies. Clearly, section 85.004 does not itself provide the authority you ask about—nor, we note, do any of the other provisions of law cited in your brief. We answer your first question in the negative.[1]

You ask additionally whether the licensure requirements of the Private Investigators and Private Security Agencies Act, V.T.C.S. art. 4413(29bb), apply to reserve deputies assigned as security personnel to other entities, and also who could be held liable for injuries suffered or inflicted by them while acting in such capacity. In view

---

[1]Please note that we do not mean here to disallow the possibility that under certain circumstances, depending on the nature of the particular "assignee" entities and the particular arrangements the county makes with them, there could be authority for the sheriff's calling up deputies for purposes of providing law enforcement services for public entities. *See, e.g.,* Local Gov't Code ch. 362 (law enforcement cooperation between cities and counties). *But see generally* Attorney General Opinion JM-509 (1986) (provisions of Local Gov't Code ch. 351, subch. D, purporting to authorize commissioners court's contracting with nongovernmental association for provision of law enforcement services, are unconstitutional).

of our response to your first question--that neither section 85.004 nor any other law you have cited authorizes the sheriff's assignment of reserve deputies to other entities as security personnel--we do not think it appropriate to attempt to reach these questions here. Since counties and county officers have only such powers as are expressly granted by legislation or necessarily to be inferred therefrom, we believe that it must be established as a threshold matter whether and if so under what circumstances the use of reserve deputies you ask about is authorized.[2]

## S U M M A R Y

Section 85.004, Local Government Code, which generally empowers a commissioners court to authorize the sheriff to appointment reserve deputies and to call them "into service if the sheriff considers it necessary to have additional officers to preserve the peace and enforce the law," does not in itself authorize the Harris County Sheriff to call a reserve deputy sheriff into service for the purpose of providing security personnel to a separate governmental or private entity that will pay the deputies on an employee or independent contractor basis.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General

---

[2]We note too, with regard to your question about liability, that, given their highly fact-specific nature, we do not generally speculate in an attorney general opinion about such matters.